PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| YVONNIE L. TAYLOR, ) | |
| ) | CASE NO. 1:21CV1114 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| KILOLO KIJAKAZI,[1] ) | |
| ACTING COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | **SENTENCE-FOUR REMAND ORDER** |

An Administrative Law Judge ("ALJ") denied Plaintiff Yvonnie L. Taylor's applications for period of disability ("POD"), disability insurance benefits ("DIB"), and supplemental security income ("SSI") after a second hearing in the above-captioned case. That decision became the final determination of the Commissioner of Social Security when the Appeals Council denied the request to review the ALJ's decision. The claimant sought judicial review of the Commissioner's decision, and the Court referred the case to Magistrate Judge Thomas M. Parker for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1).

---

[1] Andrew M. Saul was the original Defendant. He was sued in an official capacity as a public officer. On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of Social Security. Pursuant to Fed. R. Civ. P. 25(d), Kijakazi's name has been automatically substituted as a party.

(1:21CV1114)

Pending is the parties' Joint Stipulation to Remand to the Commissioner (ECF No. 10) under sentence four of 42 U.S.C. § 405(g).[2] The parties stipulate that the Court remand the matter to the Commissioner for further proceedings and a new decision.

Accordingly, the decision of the Commissioner of Social Security is reversed and the case is remanded to the Commissioner for further proceedings and a new decision. On remand, the Appeals Council shall remand this case to the ALJ for further development of the administrative record as necessary to determine whether Plaintiff is disabled within the meaning of the Social Security Act, and offer the claimant an opportunity for another oral hearing. After completing the foregoing and conducting any record development the ALJ deems appropriate, the ALJ shall issue a new decision.

IT IS SO ORDERED.

| | |
|---|---|
| _January 31, 2022_ | _/s/ Benita Y. Pearson_ |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[2] Sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), states: The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

2